JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YYGM S.A., a Swiss Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>HANGER 221 SANTA MONICA, INC., d/b/a HANGER 221, a California corporation; HANGER 221 OAKS MALL, INC., d/b/a HANGER 221, a California corporation; HANGER 221 PASEO NUEVO, INC., d/b/a HANGER 221, a California corporation; Y&C YOUNG & CHIC, INC., d/b/a HANGER 221, a California corporation; TSGD, INC., d/b/a HANGER 221, a California corporation;<br><br>    Defendants. | No. CV 14-04637 PA (JPRx)<br><br>DEFAULT JUDGMENT AND PERMANENT INJUNCTION |

In accordance with the Court's order granting the Application for Entry of Default Judgment brought by plaintiff YYGM, S.A. ("Plaintiff") filed and entered on October 27, 2015,

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff is entitled to judgment against defendants Hanger 221 Santa Monica, Inc., Hanger 221 Oaks Mall, Inc., Hanger 221 Paseo Nuevo, Inc., Y&C Young and Chic, Inc., and TSGD, Inc. (collectively "Defendants"). Each defendant is liable as follows:

•     Hanger 221 Santa Monica, Inc:     $210,217

- Hanger 221 Oaks Mall, Inc: $469,862
- Hanger 221 Paseo Nuevo, Inc: $314,953
- Y&C Young and Chic, Inc.: $556,461
- TSGD, Inc.: $489,946

It is further ORDERED, ADJUDGED, and DECREED that Defendants and their agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persons acting in concert or participation with Defendants are permanently restrained, enjoined, and prohibited from:

(a)   using Brandy Melville's trade dress, or any trade dress confusingly similar thereto, in the sale, offering for sale, distribution, lending, marketing, or advertising of apparel, accessories, or related merchandise and services at any locality in the United States.

(b)   Brandy Melville's trade dress is defined as the overall look and feel of Brandy Melville retail stores, which include the following elements:

- A rustic décor with unpainted and/or unfinished wooden walls, floors, and/or product displays;
- Decorative pink hearts;
- Wooden signs, painted with fun or catchy sayings or symbols, hanging from the walls and also available for purchase;
- Dried flowers hanging upside down;
- An authentic American flag;
- A large sign bearing the company name behind the cash register;
- Goods displayed casually on large unpainted and/or unfinished wooden tables;
- Goods hanging from wooden pallets attached to the walls;
- Displays that incorporate worn used books;
- Clothing being worn by wooden, three-legged mannequin stands;

- Clothing bearing rectangular, navy blue clothing tags with white lettering and a pink heart;
- Jewelry attached to simple, dark hangtags;
- A product purchase packaged in a simple, plain, dark-colored paper bag with a long, thin strip of paper bearing the company name stapled thereto and hanging therefrom;
- Casual apparel - such as t-shirts or hoodies - some of which is printed with clever phrases - e.g., "stay weird" printed upside down, or "Gangsta Rap Made Me Do It";
- A young, feminine, fun, laid back "LA vibe".

(c) The trade dress is the "overall look and feel" of a Brandy Melville retail store, not any single element or group of elements in isolation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay Plaintiff's attorneys' fees of $222,104.25.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff shall recover its costs of suit.

IT IS SO ORDERED.

DATED: November 9, 2015

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE